IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.                                    CASE NO.: 1:09-cv-72-SPM-AK

AMAR PRAKASH, ROBERT J. BEND,
and TRACEY C. SIGLIN,

    Defendants.
_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This cause comes before the Court pursuant to Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm") motion for summary judgment (doc. 21). Defendant Tracey C. Siglin ("Siglin") has filed a memorandum of law in opposition (doc. 31). For the reasons set forth below, the Court denies State Farm's motion.

## Background

State Farm issued an automobile insurance policy to Amar Prakash ("Prakash") that provided insurance for a 1999 Chevrolet truck owned by Prakash. Prakash maintained the vehicle for use in Shamrock Services, a painting business that Prakash operates as a sole proprietor. Robert Bend ("Bend") and Siglin each worked with Prakash and Shamrock Services as

painters. On January 15, 2008, Bend attempted to drive the insured vehicle from Prakash's garage in Trenton, Florida, to a Shamrock Services' work site in Cocoa Beach, Florida. Siglin and a second passenger accompanied Bend. While traveling northbound on I-95 in Brevard County, Florida, the vehicle left the appropriate travel lane and collided with oncoming traffic. The vehicle then burst into flames, severely injuring all three occupants.

In response to this accident, State Farm filed a complaint for declaratory judgment asking the Court to interpret the provisions of the automobile insurance policy. In particular, State Farm requests a judgment that deems Bend and Siglin "employees" of Prakash, which designation would bar liability insurance coverage for their injuries pursuant to the business exclusion provisions contained within the policy (see doc. 1, ¶ 16). To support this interpretation, State Farm directs the Court to Florida Statutes § 440.10, which creates the concept of statutory employment. Pursuant to § 440.10(1), any contractor that subcontracts a portion of its work to one or more subcontractors becomes a statutory "employer" and the subcontractor becomes an "employee," thus triggering Florida's workers' compensation statutes as well as State Farm's business exclusion provisions. FLA. STAT. § 440.10(1) (2009); see also FLA. STAT. § 440.02(15)(c) (defining "employee" to include "[a]n independent contractor working or performing services in the construction industry"); Dodge v. Fid. & Cas. Co., 424 So. 2d 39, 40 (Fla. Dist. Ct. App. 1982) (interpreting a cross-employee exception within an

insurance policy to encompass "actual" employees as well as "statutory" employees).

Conversely, Siglin suggests that State Farm has not shown the contractual basis necessary to establish Prakash's status as a contractor or Siglin's status as a statutory employee (see doc. 31, p. 3). Specifically, Siglin asserts that State Farm has failed to present into evidence the contract from which the alleged paint job in Cocoa Beach arose. Siglin derives support for this position from the case law of Florida district courts. The Third District, for instance, has stated that "to establish a statutory employment relationship, the entity claimed to be a contractor must have incurred a contractual obligation to a third party and must have delegated or sublet a part of its contractual obligation to a subcontractor whose employee is injured." Mira Group, Inc. v. Duran, 748 So. 2d 339, 341 (Fla. Dist. Ct. App. 1999) (quoting Proctor & Gamble Cellulose Co. v. Mann, 667 So. 2d. 338, 341 (Fla. Dist. Ct. App. 1995)). See also Lingold v. Transamerica Ins. Co., 416 So. 2d 1271, 1273 n.4 (Fla. Dist. Ct. App. 1982) ("A contractor is one under a contractual obligation to perform some work for another.").

## DISCUSSION

A court should grant a motion for summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In making this

determination, a court should resolve all issues of material fact in favor of the nonmoving party. Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003). The nonmoving party, in turn, bears the burden of producing evidentiary material demonstrating a genuine issue of fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The nonmoving party must show more than the existence of a "metaphysical doubt" regarding material facts, and a "scintilla" of evidence will not suffice. Moss v. Gradia, No. 3:08cv351/MCR/AK, 2010 WL 337603, at *1 (N.D. Fla. Jan. 21, 2010) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). Rather, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts'" that demonstrate a need for trial. Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).

State Farm claims that Prakash satisfies the definition of "contractor" because Prakash undertook the Cocoa Beach painting job pursuant to a government contract (see doc. 26-1, p. 57). However, as noted by Siglin, State Farm has failed to introduce the contract into evidence and has similarly failed to explain the contract's absence from the record. In fact, when asked whether he still possessed the contract, Prakash replied "I probably do somewhere." (see doc. 26-1, p. 57). Such a response does not eliminate genuine issues as to the location or even existence of the contract in question.

State Farm's entire argument in favor of summary judgment rests upon Prakash's "contractor" status. If Prakash is not a contractor, however, then Bend and Siglin cannot be subcontractors of Prakash, and the doctrine of statutory employment does not apply to their working relationship.

State Farm has failed to demonstrate that no genuine issues exist as to the application of the doctrine. Nor has State Farm argued that Bend and Siglin acted as Prakash's employees through an alternative legal theory.

Based on the foregoing, this Court cannot conclude that "no genuine issue as to any material fact" exists such that State Farm "is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff State Farm's Motion for Summary Judgment (doc. 21) is DENIED.

DONE AND ORDERED this 22nd day of February, 2010.

    *s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge