**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Plaintiff,

v.                                          CASE NO.: 1:09-cv-72-SPM-AK

AMAR PRAKASH, ROBERT J. BEND,
and TRACEY C. SIGLIN,

      Defendants.
_____/


**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

This cause comes before the Court pursuant to Plaintiff State Farm Mutual

Automobile Insurance Company's ("State Farm") renewed motion for summary

judgment (doc. 43). Defendant Tracey C. Siglin ("Siglin") has filed a

memorandum of law in opposition (doc. 47). For the reasons set forth below, the

Court grants State

Farm's motion.


**Background**

State Farm issued an automobile insurance policy to Amar Prakash

("Prakash") that provided insurance for a 1999 Chevrolet truck owned by

Prakash. Prakash maintained the vehicle for use in Shamrock Services, a painting business that Prakash operates as a sole proprietor. Robert Bend ("Bend") and Siglin each worked with Prakash and Shamrock Services as painters. On January 15, 2008, Bend attempted to drive the insured vehicle from Prakash's garage in Trenton, Florida, to a Shamrock Services' work site in Cocoa Beach, Florida. Siglin and a second passenger accompanied Bend. While traveling northbound on I-95 in Brevard County, Florida, the vehicle left the appropriate travel lane and collided with oncoming traffic. The vehicle then burst into flames, severely injuring all three occupants.

Following this accident, State Farm filed a complaint for declaratory judgment asking the Court to interpret the provisions of the automobile insurance policy. State Farm requested a judgment that deemed Bend and Siglin "employees" of Prakash, a designation which would bar liability insurance coverage for their injuries pursuant to the business exclusion provisions contained within the policy (see doc. 1, ¶ 16). To support this interpretation, State Farm directed the Court to Florida Statutes § 440.10, which creates the concept of statutory employment. Pursuant to § 440.10(1), any contractor that subcontracts a portion of its work to one or more subcontractors becomes a statutory "employer" and the subcontractor becomes an "employee," thus triggering Florida's workers' compensation statutes as well as State Farm's business exclusion provisions. Fla. Stat. § 440.10(1) (2009); see also Fla. Stat. § 440.02(15)(c) (defining "employee" to include "[a]n independent contractor

working or performing services in the construction industry"); Dodge v. Fid. &

Cas. Co., 424 So. 2d 39, 40 (Fla. 5th DCA 1982) (interpreting a cross-employee

exception within an insurance policy to encompass "actual" employees as well as

"statutory" employees).

In response to State Farm's motion, Siglin suggested that by failing to

present into evidence the contract from which the alleged paint job arose, State

Farm had not shown the contractual basis necessary to establish Prakash's

status as a contractor or

Siglin's status as a statutory employee (see doc. 31, p.3).  Siglin supported this

position with case law from the Florida District Courts which states that "to

establish a statutory employment relationship, the entity claimed to be a

contractor must have incurred a contractual obligation to a third party and must

have delegated or sublet a part of its contractual obligation to a subcontractor

whose employee is injured." Mira Group, Inc. v. Duran, 748 So. 2d 339, 341 (Fla.

3d DCA 1999) (quoting Proctor & Gamble Cellulose Co. v. Mann, 667 So. 2d.

338, 341 (Fla. 3d DCA 1995)). see also Lingold v. Transamerica Ins. Co., 416

So.2d 1271, 1273 n.4 (Fla. 3d DCA 1982) ("A contractor is one under a

contractual obligation to perform some work for another.")

Because State Farm failed to present into evidence the contract from

which the alleged paint job in Cocoa Beach arose, State Farm was unable to

establish  Prakash's status as a "contractor," or Siglin's status as a statutory

employee.  Consequently, State Farm failed to demonstrate that no genuine

issues existed as to the application of the doctrine of statutory employment. In accordance with Fed. R. Civ. P. 56(c), this Court denied State Farm's initial Motion for Summary Judgment (doc. 38).

Having subsequently discovered the Shamrock Services contract for the paint job in Cocoa Beach (doc. 46, Ex. B), State Farm has filed a Renewed Motion for Summary Judgment (doc. 43) for the Court to consider.

## Summary Judgment Standard

Federal Rule of Civil Procedure Rule 56(c) states that summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In making this determination, a court should resolve all issues of material fact in favor of the nonmoving party. Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003).

The nonmoving party, in turn, bears the burden of producing evidentiary material demonstrating a genuine issue of fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The nonmoving party must show more than the existence of a "metaphysical doubt" regarding material facts, and a "scintilla" of evidence will not suffice. Moss v. Gradia, No. 3:08cv351/MCR/AK, 2010 WL 337603, at *1 (N.D. Fla. Jan. 21, 2010) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate

'specific facts'" that demonstrate a need for trial. Owen v. Wille, 117 F.3d

1235,1236 (11th Cir. 1997) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324

(1986)).

## Applicable Law

The State Farm policy was issued to Florida resident Prakash, at his

Florida address, and insured a vehicle registered in the State of Florida. Because

this case is before this Court on the basis of diversity of citizenship jurisdiction,

the law to be applied to substantive issues of insurance coverage is the law of

the State of Florida. Living Legends Ret. Ctr., Inc. v. Lexington Ins. Co., 208 Fed.

Appx. 805, 808 (11th Cir. 2006).

## Discussion

State Farm's argument for summary judgment rests upon the status of Prakash

as a "contractor," and Siglin and Bend as his employees. State Farm claims that

at the time of the accident, Siglin and Bend were statutory employees of Prakash

under Florida Statutes § 440.10(1), and that Siglin's bodily injury claim is

therefore excluded by the business exclusion provisions in the policy issued to

Prakash. However, if Prakash is not a contractor then Siglin and Bend cannot be

subcontractors of Prakash and the doctrine of statutory employment under

Florida Law does not apply to their working relationship.

Unlike State Farm's initial motion for summary judgment, State Farm's

renewed motion for summary judgment (doc. 43) is supported by the contract for

the painting job in Cocoa Beach (doc. 46, Ex. B).  This contract between Prakash

and the United States Postal Service firmly establishes the existence of a legally binding agreement for Prakash to paint the Cocoa Beach post office. Clone, Inc., v. Orr, 476 So.2d 1300, 1302 (Fla. 5th DCA 1985) (a contract is "a legal relationship which contemplates an agreement enforceable at law for the doing or not doing of a specific act."). Thus, it is now indisputable that at the time of the accident Prakash was acting as a "contractor" under Florida Statutes § 440.10(1)(b). Miami-Dade County v. Acosta, 757 So.2d 539, 541 (Fla. 3d DCA 2000) ("[T]o be considered as a 'contractor' within the meaning of section 440.10(1)(b), the County's primary obligation in performing the remediation must arise out of a contract.").

Section 440.10(1) of the Florida Statutes further indicates that subcontractors of a contractor engaged in the construction industry are statutory employees. Fla. Stat. § 440.10(1) (2009).  The "Independent Contractor's Agreements" that both Siglin and Bend signed with Prakash, the nature of their working relationship with Prakash, and the work performed under the Cocoa Beach contract firmly establish Siglin and Bend as subcontractors of Prakash.  In their capacity as subcontractors, both Siglin and Bend meet the definition of statutory employees and must be treated identically to actual employees under the Florida statute. Fla. Ins. Guar. Ass'n., Inc., v. Revoredo, 698 So.2d 890 (Fla. 3d DCA 1997). *See also,* Dodge v. Fid. & Cas. Co., 424 So.2d 39, 41 (Fla. 5th DCA 1992) ("[T]he term employee in the policy should be construed to include 'statutory employees,' as that term is used in the workers' compensation law").

Based on this interpretation of the term employee in the statutory language,

Siglin's argument that she and Bend were actual rather than statutory employees

is immaterial to interpretation of the State Farm Policy.

By producing the Cocoa Beach work contract, State Farm has succeeded

in proving Prakash's status as a "contractor" and consequently Siglin and Bend's

status as statutory employees under Florida Statute Section 440.10. State Farm

has also provided ample precedent to establish the validity and enforceability of

the three relevant "business exclusions" contained in the auto insurance policy

(see doc. 45, p.6-10). In response, Siglin has failed to produce additional

evidence suggesting any genuine remaining issue of fact regarding interpretation

of the State Farm policy.

Based on the foregoing, this Court concludes that "no genuine issue as to

any material fact" exists and that State Farm "is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(C). Accordingly, it is hereby

ORDERED AND ADJUDGED:

1. Plaintiff State Farm's Renewed Motion for Summary Judgment (doc. 43) is
   GRANTED.

2. The clerk shall enter judgment accordingly.

   DONE AND ORDERED this 13th day of September, 2010.


   _s/ Stephan P. Mickle_
   Stephan P. Mickle
   Chief United States District Judge


CASE NO.: 1:09-cv-72-SPM-AK